OPINION
Defendant-appellant Frank A. Warren appeals the November 18, 1998 Judgment Entry of the Stark County Court of Common Pleas which dismissed his Motion to Vacate and Set Aside Conviction and Sentence (hereinafter "Petition") filed September 28, 1998. The State of Ohio is plaintiff-appellee.
 STATEMENT OF THE CASE
Appellant was arrested on June 23, 1995. Subsequently, the Stark County Grand Jury indicted appellant on one count of kidnapping [R.C. 2905.01(A)], one count of felonious assault [R.C.2903.11(A)], one count of rape [R.C. 2907.02(A)(2)], and one count of felonious sexual penetration [R.C. 2907.12(A)(2)]. Appellant pleaded not guilty to the charges at his arraignment. The trial court scheduled a jury trial for September 21, 1995. Attorney Tammi Johnson of the Stark County Public Defender's Office was appointed to represent appellant. On September 12, 1995, nine days before the scheduled trial, Attorney Johnson filed a motion to withdraw as appellant's attorney because of a conflict of interest. At an oral hearing conducted on September 13, 1995, the trial court granted the motion to withdraw, and appointed Attorney Jeff Jakmides to represent appellant. On September 18, 1995, three days before the scheduled trial, the trial court filed its judgment entry granting Attorney Johnson's motion to withdraw and appointing Attorney Jakmides as appellant's new counsel of record. On September 20, 1995, the day before the scheduled trial, Attorney Jakmides requested a continuance of the trial in order to prepare appellant's defense. Specifically, Attorney Jakmides indicated he had not had an opportunity to interview key witnesses because some were incarcerated in a penitentiary in Pennsylvania. Attorney Jakmides also explained the serious nature of the charges required additional preparation on his part. Appellant personally objected to the continuance. The trial court granted counsel's request for a continuance, and journalized the continuance by Judgment Entry filed on October 2, 1995. Prior to trial, Attorney Jakmides was permitted by the trial court to withdraw as appellant's counsel as appellant had privately retained Attorney Steven LoDico. On October 30, 1995, while being represented by Attorney LoDico, appellant entered into a plea arrangement with the State. In exchange for the dismissal of the rape and felonious sexual penetration charges, appellant plead no contest to the kidnapping charge. The trial court, upon accepting appellant's no contest plea and finding him guilty of the kidnapping charge, sentenced appellant to an indeterminate term of incarceration of three to fifteen years. Appellant appealed his conviction to this Court, and raised one assignment of error in the appeal. We reviewed the assignment of error, overruled the same, and affirmed appellant's conviction and sentence. State v. Warren (March 10, 1997), Stark App. No. 1995-CA-00386, unreported. Appellant subsequently attempted to file a delayed appeal with the Ohio Supreme Court from our decision. The Supreme Court, however, dismissed appellant's delayed appeal on June 2, 1997. State v. Warren (1997), 79 Ohio St.3d 1459. Appellant also attempted to seek further appellate review of his conviction and sentence through an App. R. 26(B) Application for Reopening, wherein appellant challenged the effectiveness of appellate counsel. Via Judgment Entry filed July 31, 1998, this Court denied the application as untimely filed. On September 28, 1998, appellant filed his first post-conviction relief motion. The State filed its response, seeking a summary dismissal of the petition and summary judgment. Appellant filed a reply thereto. The trial court dismissed the petition both on the merits as well as on timeliness grounds in a Judgment Entry of Dismissal filed November 18, 1998. Appellant did not file an immediate appeal from this judgment entry. Instead, on February 25, 1999, appellant filed his second petition for post-conviction relief, which the trial court again dismissed upon response from the State. The trial court ruled in its Judgment Entry filed March 11, 1999: Upon review of said Motion, the Court finds that on November 18, 1998, this Court ruled on Defendant-Petitioner's Motion for Post Conviction Relief and summarily dismissed same without a hearing. Therefore, this motion is moot.
This Court finds Defendant's motion not well taken and hereby overrules same.
On April 2, 1994, appellant filed the instant appeal. The notice recites appellant is appealing the trial court's November 18, 1998 Judgment Entry, and claims he did not receive service of a copy of that judgment entry until March 5, 1999. However, appellant attached to the notice of appeal a copy of the March 11, 1999 Judgment Entry. The docketing statement indicates the November 18, 1998 Judgment Entry as the judgment entry from which appellant appealed. Appellant assigns as error:
I. WHETHER THE TRIAL COURT ABUSED ITS DISCRETION THEREBY DEPRIVING PETITIONER DUE PROCESS OF LAW WHEN IT DISMISSED ["WITHOUT A HEARING"] PETITIONER'S FOR POST CONVICTION RELIEF.
II. WHETHER THE TRIAL COURT DEPRIVED PETITIONER OF CONSTITUTIONAL DUE PROCESS FUNDAMENTAL FAIRNESS WHEN IT FAILED TO ISSUE AN ORDER DIRECTING THE PRODUCTION OF TRANSCRIPT AND OTHER CRITICAL EVIDENTIARY DOCUMENT(S) NECESSARY FOR BOTH A COMPLETE AND ACCURATE UNDERSTANDING OF THE CONSTITUTIONAL CLAIMS RAISED, AND TO PROVE THE TRUTH OF [THE] ALLEGATIONS THEREBY ESTABLISHING THE RIGHT TO RELIEF.
III. WHETHER THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY REJECTING PETITIONER'S [SIXTH AMENDMENT] CLAIM, WHERE THE FACTUAL ALLEGATIONS IF PROVEN, WOULD CONSTITUTE INEFFECTIVE OF COUNSEL. SEE: STATE V. COLE (CITATION OMITTED).
In its November 18, 1998 Judgment Entry, the trial court summarily dismissed appellant's Petition finding such was not timely filed pursuant to R.C. 2953.21 because more than 180 days had elapsed since the transcript was filed (September 30, 1996).
Upon review of appellant's three assignments of error, appellant does not argue or allege error in the trial court's dismissing the Petition as being untimely. Accordingly, we find it unnecessary to address the merits of appellant's arguments inasmuch as the trial court's finding the Petition was untimely filed is an independent ground warranting dismissal of appellant's Petition. Appellant's three assignments of error are overruled.
The judgment of the Stark County Court of Common Pleas is affirmed.
By: Hoffman, J. Wise, P.J. and Gwin, J. concur